IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9GLOBAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVANT CREDIT CORPORATION, <br><br> Defendant. | No. C 15-05543 WHA <br><br> **ORDER DENYING MOTION TO DISMISS AND DENYING MOTION FOR SANCTIONS** |

### INTRODUCTION

In this contract dispute, defendant moves to dismiss the complaint and also moves for sanctions under Rule 11. For the reasons stated herein, defendant's motions are **DENIED**.

### STATEMENT

The facts of the dispute between these parties have been laid out in previous orders in a related case, *Avant I* (*See* Case No. 15-cv-898, Dkt. Nos. 35, 61). Plaintiff 9Global, Inc., is a personal-loan leads generator. In December 2012, 9Global entered into a contract with Avant Credit Corporation, a credit facility that provided and serviced personal loans. 9Global provided leads to Avant, and if Avant followed the lead, the parties shared the profits. Avant used both its own and third-party money to fund the loans. When Avant used third-party funds, it deducted the interest rate paid to third parties (cost of capital) before dividing the profits with

9Global. Under this agreement, Avant did not subtract any cost of capital when it funded loans using exclusively its own money.

In January 2014, the parties entered into "a more-detailed version of the [2012] Lead Provider Agreement" (Compl. ¶ 7). The contract defined cost of capital as "the cost of capital at current negotiated interest of 16% APR (subject to change based on future changes to credit facility)." When calculating the net lead revenue, the parties subtracted the cost of capital and default amounts from the interest revenue plus the collected default amounts. From January through June 2014, Avant continued to deduct the cost of capital only when it used third-party funds, not its own.

In June 2014, however, Avant unilaterally began deducting the cost of capital when loaning from its own funds. This reduced the overall revenue 9Global received per loan. 9Global did not object to this change because Avant assured that it would be temporary. Avant employees orally reassured 9Global of Avant's desire for a long-term relationship, provided 9Global with long-term projections of profitability, and promised that the future cost-of-capital percentage rate would decrease beginning in November 2014.

In November 2014, however, the rate remained at sixteen percent. 9Global objected. Avant refused to lower the rate as promised, and 9Global subsequently withdrew from the contract. 9Global claims that Avant breached the contract in June 2014 by deducting the cost of capital from the net lead revenue when Avant used its own funds.

9Global filed its original complaint, *Avant I*, in February 2015 (Case No. 15-cv-898). It filed an amended complaint in August 2015, alleging a single claim for breach of contract. The case management order set August 31, 2015, as the last date to move for leave to amend the pleadings. In December 2015, 9Global moved for leave to amend its original complaint to add a new claim for breach of contract. Essentially, 9Global alleged that during a mediation, it learned that Avant planned to further breach the contract by not paying 9Global its profits relating to loans and reloans of existing customers. An order denied 9Global's motion for leave to amend, finding that 9Global had failed to demonstrate good cause for not have moving to amend earlier.

1    Concurrent with the filing of 9Global's motion for leave to amend, 9Global filed a new
2 action against Avant alleging the same breach of contract alleged in its proposed amended
3 complaint, *Avant II* (Case No. 15-cv-5543).
4    Now, Avant moves to dismiss this second action, asserting that the new complaint
5 violates the rule against claim splitting because it involves the same parties, same claims, and
6 same issues as the earlier-filed case. Avant also moves for sanctions under Rule 11 based on
7 9Global's filing of the second action. This order follows full briefing and oral argument.

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the conduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Avant argues that this subsequent action is barred by the rule against claim splitting. The Supreme Court has held that a party "is not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion on the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail." *United States v. Haytian Republic*, 154 U.S. 118, 125 (1894). Both sides agree that "[t]o ascertain whether successive causes of action are the same, we use the transaction test." *Adams v. California Dep't of Health Servs.*, 487 F.3d 686, 689 (9th Cir. 2007). In applying the transaction test, four factors are to be considered: (1) whether rights or interests at issue in the prior action would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Ibid*. Furthermore, "the party against whom preclusion is urged must have had a full and fair opportunity to litigate his claim." *Clements v. Airport Auth. of Washoe Cty.*, 69 F.3d 321, 328 (9th Cir. 1995) (internal citation omitted).

Here, taking 9Global's allegations in the complaint as true, it is plausible that the new lawsuit, *Avant II*, is separate and distinct such that it would not be barred by the rule against

3

claim splitting. As stated above, *Avant I* is a dispute over the calculation of "cost of capital" for loans that have already been generated. *Avant II*, in contrast, pleads allegations relating to moneys owed upon termination of the contract (which contract was terminated after the filing of *Avant I*). *Avant II* also pleads allegations relating to which party is entitled to profits on "reloans" — customers who get second or third loans with Avant. Furthermore, the complaint alleges that 9Global did not become aware of the violations alleged in *Avant II* until *Avant I* was well underway. Thus, taking the allegations in the complaint as true, 9Global did not have "a full and fair opportunity to litigate [its] claim" before filing *Avant I*, because those claims had not yet arisen. *Ibid*.

Avant's main argument in support of its motion to dismiss is that 9Global had a full and fair opportunity to bring the claims alleged in *Avant II* in its first complaint. Specifically, Avant argues that because a previous order denied 9Global's motion to amend its complaint in *Avant I*, 9Global should not now be allowed to bring the same claims in a new lawsuit. The order denying leave to amend in *Avant I*, however, applied a different standard than is applicable here. In denying the motion for leave to amend in *Avant I*, 9Global was required to show good cause for its failure to amend earlier. Based on the evidentiary record provided, the order found that 9Global had not shown good cause. Here, in contrast, we must take allegations pled in the complaint as true and the standard is plausibility. The complaint alleges that 9Global did not become aware, and could not have become aware, of the most recent alleged breaches of the contract until October 2015.

Furthermore, Avant argues that the two actions involve the same contract and thus contain the same nucleus of facts. Not so, at least according to the allegations in the complaint. *Avant I* involved a dispute over the definition of "cost of capital" in the contract. As stated above, *Avant II* pleads allegations relating to moneys owed upon termination of the contract and also pleads allegations relating to entitlement to profits on "reloans" — customers who get second or third loans with Avant. It is plausible that these allegations regarding breaches of different sections of the contract involve different actions and thus a separate nucleus of facts. While Avant may be able to demonstrate that *Avant II* violates the rule against claim splitting

4

on a fuller record on summary judgment, at the pleading stage, Avant has not established that 9Global violated the rule against claim splitting.

## CONCLUSION

For the reasons stated herein, Avant's motion to dismiss is **DENIED**. Furthermore, on the current record, Avant has not shown that 9Global's filing of *Avant II* was frivolous. Accordingly, its motion for sanctions under Rule 11 is **DENIED**. A case management order will issue separately.

**IT IS SO ORDERED.**

Dated: April 22, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5